**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 13-01789-VAP (DTBx)                Date:  January 31, 2014

Title:  NANCY SIQUEIROS, AN INDIVIDUAL -v- FEDERAL NATIONAL MORTGAGE ASSOCIATION AS SUCCESSOR-IN-INTEREST TO BANK OF AMERICA CORPORATION, A CALIFORNIA CORPORATION, et al.
================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:     MINUTE ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. NO. 8) (IN CHAMBERS)

    Before the Court is Defendants Federal National Mortgage Association's and Bank of America, N.A.'s ("BOA")[1] Motion to Dismiss ("Motion" or "Mot."). (Doc. No. 8.)  The Motion is appropriate for resolution with a hearing, and accordingly, the Court VACATES the hearing on February 3, 2014.  See Fed. R. Civ. P. 78; L.R. 7-

---

    [1]    Defendants state they were erroneously sued as "Federal National Mortgage Association as successor-in-interest to Bank of America Corporation." (Mot. at 1.)

| MINUTES FORM 11 | Initials of Deputy Clerk ___md____ |
|---|---|
| CIVIL -- GEN | Page 1 |

EDCV 13-01789-VAP (DTBx)
NANCY SIQUEIROS v. FEDERAL NATIONAL MORTGAGE ASSOCIATION
MINUTE ORDER of January 31, 2014

15. After consideration of the papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion and dismisses the Complaint with leave to amend.

# I. BACKGROUND

## A. Allegations in the Complaint

Plaintiff Nancy Siqueiros ("Siqueiros") purchased real property located at 29056 Desert Princess Drive in Cathedral City, California.  (Compl. ¶ 1.)  Sometime around August 2010, a BOA agent induced her to suspend payment on her mortgage in hopes of obtaining a loan modification.  (Id. at ¶ 16.)  She suspended mortgage payments, even though she was current on her payments and had the ability to continue making those payments.  (Id. at ¶¶ 16, 18.)  Although BOA representatives told Siqueiros that she was on track to get a loan modification, her property was sold in foreclosure proceedings.  (Id. at ¶ 17.)  After contacting another BOA representative, she was told she could reclaim the property if she paid a "reinstatement figure."  (Id. at ¶ 18.)  The second representative, however, did not provide her with the reinstatement figure until after the deadline to pay it had passed.  (Id.)  Siqueiros alleges that BOA did this intentionally to deprive her of her property.  (Id.)  Due to irregulatiries in the foreclosure proceedings, Siqueiros argues that the Defendants lacked standing to foreclose.  (Id. at ¶ 56.)

The Complaint contains claims against the Defendants for: (1) declaratory relief; (2) breach of implied covenant of good faith and fair dealing; (3) fraud; (4) unconscionability under Uniform Commercial Code ("UCC") section 2-302; and (5) quiet title.  (See generally, id.)

## B. Procedural History

Siqueiros filed the Complaint on October 2, 2013.  (Doc. No. 1.)  Defendants filed the instant Motion on November 7, 2013, along with a Request for Judicial Notice (Doc. No. 9).  On January 13, 2014, Siqueiros filed an Opposition to the Motion.  (Doc. No. 12.)  Defendants filed their Reply on January 17, 2014.  (Doc. No. 13.)

EDCV 13-01789-VAP (DTBx)
NANCY SIQUEIROS v. FEDERAL NATIONAL MORTGAGE ASSOCIATION
MINUTE ORDER of January 31, 2014

## C.  Request for Judicial Notice

In the RJN, Defendants ask that the Court take judicial notice of the: (1) Deed of Trust, recorded May 28, 2004; (2) Substitution of Trustee, recorded March 14, 2011; (3) Corporation Assignment of Deed of Trust, recorded March 14, 2011; (4) Notice of Default, recorded March 2, 2011; (5) Corporation Assignment of Deed of Trust, recorded July 22, 2011; (6) Notice of Trustee's Sale, recorded June 13, 2011; and (7) Trustee's Deed Upon Sale, recorded July 22, 2011.  (RJN at 2.)

A court may take judicial notice of court filings and other matters of public record.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)).  Defendants have provided reference numbers for these documents, showing that they were in fact recorded; this demonstrates that the documents are public records.  See Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting cases); Velazquez v. GMAC Mortg. Corp., 605 F. Supp. 2d 1049, 1057-58 (C.D. Cal. 2008).  Facts subject to judicial notice may be considered on a motion to dismiss.  See Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  Accordingly, the Court takes judicial notice of the documents contained in the RJN.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) is read along with Rule 8(a), which requires a short, plain statement upon which a pleading shows entitlement to relief.  Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require a plaintiff to provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (quoting Fed. R. Civ. P. 8(a)(2))); Bell Atl. Corp. v Twombly, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States,

MINUTES FORM 11                                      Initials of Deputy Clerk ___md____
CIVIL -- GEN                                         Page 3

EDCV 13-01789-VAP (DTBx)
NANCY SIQUEIROS v. FEDERAL NATIONAL MORTGAGE ASSOCIATION
MINUTE ORDER of January 31, 2014

419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556).

Recently, the Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F. 3d 1202, 1216 (9th Cir. 2011).

### III. DISCUSSION
### A. Siqueiros's Failure to Oppose the Arguments in the Motion is Grounds for Dismissal

Though Siqueiros filed an Opposition to the Motion, it is devoid of substance.  The Opposition is three pages long, consisting of quotes from the Complaint, and the conclusory statement that "[t]he Complaint alleges sufficient facts to support each and every one of the Causes of Action, and is not uncertain, ambiguous or unintelligible."  (Opp'n. at 2-3..)  Siqueiros's failure to address meaningfully any of

EDCV 13-01789-VAP (DTBx)
NANCY SIQUEIROS v. FEDERAL NATIONAL MORTGAGE ASSOCIATION
MINUTE ORDER of January 31, 2014

the contentions in the Motion is grounds for dismissal of the entire action. See Silva v. U.S. Bancorp, 2011 WL 7096576, *4 (C.D. Cal. Oct. 6, 2011) ("In addition, the Court finds that Plaintiff concedes [this] claim should be dismissed by failing to address Defendants' arguments in his Opposition."); Tatum v. Schwartz, 2007 WL 419463, *3 (E.D. Cal. Feb. 5, 2007) ("[Plaintiff] tacitly concedes this claim by failing to address defendants' argument in her opposition."). As discussed below, however, after consideration the Motion on its merits, the Court GRANTS the Motion.

**B.   Failure to Tender Bars Siqueris's Equitable Claims**

Generally, a debtor challenging a foreclosure sale is required to make a tender or otherwise offer to pay the full amount of her debt. See Sierra-Bay Fed. Land Bank Ass'n v. Superior Court, 227 Cal. App. 3d 318, 337 (1991); U.S. Cold Storage v. Great W. Sav. & Loan Ass'n, 165 Cal. App. 3d 1214, 1225 (1985); see also Alicea v. GE Money Bank, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt."). This rule is rooted in equity and is premised on the notion that "[i]t would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party asking the challenge did not first make full tender and thereby establish his ability to purchase the property." U.S. Cold Storage, 165 Cal. App. 3d at 1225. To be valid, tender must be unconditional and for the full amount of the debt. Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 580 (1984). The ability to pay is an implicit requirement. Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 118 (1971).

Siqueiros's allegations regarding irregularities in the trustee's sale are not the type of inequitable circumstances that qualify a debtor for an exception to the tender rule. See Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or

procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."), cited in Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1269 (C.D. Cal. 2010).

Thus, Siqueiros was required to tender. Her failure to allege a credible offer of tender is fatal to her equitable claims. Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d 1051, 1060 (E.D. Cal. 2010) ("An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes."). The Complaint alleges three equitable claims, declaratory relief, quiet title, and violations of California Business and Professions Code section 17200,[2] which are all subject to dismissal on this basis. See Caira v. Offner, 126 Cal. App. 4th 12, 24-25 (2005) (claims for quiet title and declaratory relief are generally equitable in nature); Kachlon v. Markowitz, 168 Cal. App. 4th 316, 347-48 (2008) (declaratory and injunctive relief are equitable in nature); Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003) (Cal. Bus. & Prof. Code section 17200 claims are equitable in nature). Accordingly, the Court GRANTS the Motion and dismisses Siqueiros's first claim for declaratory relief, her fifth claim for quiet title, and to the extent she alleges it, her claim for violations of California Business and Professions Code section 17200.

## C.     Breach of the Implied Covenant of Good Faith and Fair Dealing

Siqueiros's second claim alleges that Defendants breached the implied covenant of good faith and fair dealing contained in the deed of trust when BOA's agents: (1) withheld notices and disclosures; (2) misrepresented the loan modification process and Siqueiros's chances of actually obtaining a loan modification; and (3) prevented Siqueiros from paying the foreclosure restatement amount. (Compl. at ¶ 38.) These allegations fall short of stating a claim for a breach of the implied covenant of good faith and fair dealing.

---

[2] The Complaint makes passing references to California Business and Professions Code section 17200, but does not directly address it as an independent claim. (See, e.g., Compl. at ¶ 27.)

EDCV 13-01789-VAP (DTBx)
NANCY SIQUEIROS v. FEDERAL NATIONAL MORTGAGE ASSOCIATION
MINUTE ORDER of January 31, 2014

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal. 4th 390 (2000) (quoting Comunale v. Traders & General Ins. Co., 50 Cal. 2d 654, 658 (1958)). A plaintiff must identify the specific contractual provision that was frustrated, in order to state a claim. See Plastino v. Wells Fargo Bank, 873 F. Supp. 2d 1179, 1191–92 (N.D. Cal. 2012).

The Complaint contains no allegations that BOA prevented Siqueiros from performing under the contract to pay her mortgage. Siqueiros's decision to stop paying her mortgage was hers alone. See Pacini v. Nationstar Mortgage, LLC, C 2013 WL 2924441, at *7 (N.D. Cal. June 13, 2013) ("There would be little point to a loan agreement which requires fixed monthly payments over a defined period of time if enterprising borrowers could guarantee new, better terms by going into default. Instead, the relevant agreements clearly spell out the consequences of failing to make monthly payments—default and foreclosure.") As Siqueiros's ability to perform under the contract, i.e., the ability to make her monthly mortgage payment, was not undermined by BOA's conduct, and because Siqueiros did not identify a specific contraction provision that BOA is alleged to have frustrated by its conduct, this claim must be dismissed. Accordingly, the Court GRANTS the Motion as to this claim.

## D.   Fraud

Similar to Siqueiros's claim that Defendants breached the implied covenant of good faith and fair dealing, her third claim alleges that BOA's agents made misleading representations concerning the workings of loan modification programs, namely that they: (1) withheld notices and disclosures; (2) misrepresented the loan modification process and Siqueiros's chances of actually obtaining a loan modification; and (3) prevented Siqueiros from paying the foreclosure restatement amount. (Compl. at ¶ 45.)

The elements of a California action for fraud are (1) misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. Beckwith v. Dahl, 205 Cal. App. 4th 1039, 1060 (2012) (citation omitted). Under California law, each element of the fraud must be alleged with

EDCV 13-01789-VAP (DTBx)
NANCY SIQUEIROS v. FEDERAL NATIONAL MORTGAGE ASSOCIATION
MINUTE ORDER of January 31, 2014

particularity Id. (citation omitted).  Moreover, in the Ninth Circuit, it is well-established that claims for fraud must meet the particularity requirements of Rule 9(b).  Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (citing Glen Holly Entertainment, Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999)).  Pleading with "particularity" means including the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations," or, in other words, "the who, what, when, where, and how of the misconduct charged."  See Bouyer v. Countrywide Bank, FSB, 2009 WL 799398, at *2 (N.D. Cal. Mar. 24, 2009) (citing Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citations omitted) and Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Furthermore, when alleging fraud against a corporation, a plaintiff must specify: "(1) the names of people who made representations; (2) their authority to speak; (3) to whom they spoke; (4) what they said; (5) and when it was said." Delarosa v. Boiron, Inc., 818 F. Supp. 2d 1177, 1192 (C.D .Cal. 2011) (quoting Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 156 (1991)).

Here, the Complaint contains, at best, two representations attributed to BOA's agents.  First, in August 2010, a BOA agent told Siqueiros to stop paying her mortgage in order to obtain a loan modification, and throughout the course of the loan modification process, the agent told her there was no danger her property would be foreclosed upon and that the loan modification simply needed more time. (Compl. at ¶ 17.)  Despite assurances made by that agent, BOA foreclosed on Siqueiros's property.  (Id.)  Second, after the foreclosure, Siqueiros was assigned a new representative who told her she could reclaim her property if she paid the reinstatement figure, but failed to provide her with the paperwork containing the restatement amount until it was too late to pay.  (Id. at ¶ 18.)  Aside from these two references to statements made by agents of BOA, Siqueiros's fraud allegations are in vague and general terms.  (See id. at ¶ 45 ("Defendants intentionally, willfully and wantonly engaged in the heretofore and hereinafter alleged acts with the purpose of deceiving Plaintiffs and inducing them to part with their real property.").)

Moreover, the Complaint is also contradictory.  Siqueiros claims that she had

EDCV 13-01789-VAP (DTBx)
NANCY SIQUEIROS v. FEDERAL NATIONAL MORTGAGE ASSOCIATION
MINUTE ORDER of January 31, 2014

the ability to continue to make payments on her mortgage, and saved the amount she would have spent in anticipation of the approval of the loan modification. (Id. at ¶¶ 16, 18.) Earlier in the Complaint, however, Siqueiros alleges that the mortgage she had was "for a property she was not able to afford." (Id. at ¶ 16.) The Complaint also claims that she was "deceived into encumbering [her] property with the loan, into defaulting on the loan, and then subsequently losing title to the property through foreclosure . . . ." (Id. at ¶ 47.) The Complaint does not allege fraud in the origination of the loan; rather, it only alleges fraud relating to the alleged inducement of default and subsequent foreclosure.

Other courts dealing with similar allegations have found them to be lacking in the requisite specificity to survive a motion to dismiss. For example, the court in Casault v. Federal Nat. Mortg. Ass'n found that the following allegations were insufficient to state the "who, what, where, when, and how" of the fraudulent activity:

> (1) Borrower takes out a mortgage.
> (2) Borrower runs into financial trouble which leads to a default.
> (3) Borrower is enticed by Lender to apply for a loan modification.
> (4) Lender engages Borrower in loan modification discussion through its customer service agents and, in compliance with a fraudulent corporate policy, Lender fraudulently misapplies payments, lies to Borrower about receipt of requested loan modification documents, and/or commences or continues foreclosure processes while allegedly contemplating loan modifications.
> (5) Borrower loses home at foreclosure sale or remains uncertain of the loan modification status, all the while incurring financial expenses and emotional stress.

Casault v. Federal Nat. Mortg. Ass'n, 915 F. Supp. 2d. 1113, 1123 (C.D. Cal. 2012). The Court finds that the allegations in the Complaint lack the requisite specificity and particularity to support a claim for fraud, especially considering the

EDCV 13-01789-VAP (DTBx)
NANCY SIQUEIROS v. FEDERAL NATIONAL MORTGAGE ASSOCIATION
MINUTE ORDER of January 31, 2014

contradictions in the Complaint and the largely boilerplate allegations of fraud. Accordingly, the Court GRANTS the Motion and dismisses this claim.

### E.     Unconsionability Under UCC section 2-302

To the extent Siqueiros alleges in claim four that Defendants somehow violated Uniform Commercial Code section 2-302 by foreclosing on her property, this claim fails. It is well-established that "the Uniform Commercial Code does not govern non-judicial foreclosures and that the . . . note holder theory has been universally rejected." Estillore v. Countrywide Bank FSB, 2011 WL 348832, at *13 (E.D. Cal. Feb. 2, 2011). Accordingly, the Court GRANTS the Motion and dismisses this claim.

### F.     Leave to Amend

Having dismissed Siqueiros's claims, the Court next considers whether to grant leave to amend. See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 provides that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). In the absence of any apparent or declared reason -- such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment -- leave sought should be "freely given." Forman v. Davis, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. Id.

As discussed above, claims one and five are barred because Siqueiros failed to tender and claim four is barred because the UCC does not apply in the non-judicial foreclosure context, and therefore the Court dismisses those claims without leave to amend because amendment would be futile. See Deutsch v. Turner Corp., 324 F.3d 692, 718 n. 20 (9th Cir. 2003) (leave to amend not granted where amendment "would be futile"). As to the remaining claims, claims two and three, the

**EDCV 13-01789-VAP (DTBx)**
NANCY SIQUEIROS v. FEDERAL NATIONAL MORTGAGE ASSOCIATION
MINUTE ORDER of January 31, 2014

Court cannot conclude that amendment would be futile. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Accordingly, the Court dismisses the second and third claim with leave to amend.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Motion as to all of Siqueiros's claims. Claims two and three are dismissed with leave to amend. The remaining claims, claims one, four, and five, are dismissed without leave to amend. Plaintiff may file an amended Complaint in compliance with this Order no later than February 20, 2014.

**IT IS SO ORDERED.**